United States District Court

Eastern District of Louisiana

Terrebonne Parish

v.                                           CIVIL ACTION NO. 2:00-cv-00426
                                                                      T(2)
Texaco Inc


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

- (1) A list of all parties still remaining in this action;

- (2) Copies of all pleadings, including answers, filed by those parties in state court; and

- (3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, February 11, 2000.

By Direction of the Court

LORETTA G. WHYTE, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERREBONNE PARISH SCHOOL BOARD | C. A. NO. 00-0426 |
| VERSUS | JUDGE: |
| TEXACO INC. | MAGISTRATE JUDGE: SECT. T MAG. 2 |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel comes Defendant, Texaco Inc. ("Texaco") who removes this civil action from the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1441, 1446, 1452(A), 11 U.S.C. §105 and 28 U.S.C. §1651. In support hereof, Texaco states as follows:

1.

On or about October 19, 1999, an action was commenced in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana, entitled "Terrebonne Parish School Board vs. Texaco Inc." which was identified by Case Number 127,055 on the docket of the 32nd Judicial District Court.

2.

The Terrebonne Parish School Board (the "School Board") alleges that it was the owner of certain mineral interest affecting certain marshland property more particularly

396365_1

described as Section 16, Township 19 South, Range 14 East. Said property is located in what was known as the Bayou Penchant oil and gas field.

3.

The School Board further alleges that Texaco as successor in interest to the Texas Company dredged at least one access canal and drilled at least one oil and gas well, the Terrebonne Parish School Board No. 1 well, Serial No. 73579. The School Board further alleges that its property in the vicinity of the referenced canal and well was damaged and that Texaco failed to reasonably restore the School Board property.

4.

The School Board further alleges that during the course of its operations, Texaco caused certain allegedly hazardous and toxic materials to be deposited on the School Board's property. The School Board seeks damages and restoration costs with respect to these materials. The School Board also seeks punitive damages pursuant to former La. C.C. Art. 2315.3.

5.

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1332 (diversity of citizenship), 28 U.S.C. § 1334 (bankruptcy jurisdiction), 11 U.S.C. § 105(a) (the Bankruptcy All Writs Act) and 28 U.S.C. § 1651 (the "All Writs Act").

## FIRST GROUND FOR REMOVAL
## DIVERSITY JURISDICTION

6.

District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

7.

The real parties in interest in this action are citizens of different states.

8.

The School Board is a political subdivision of the State of Louisiana. However, such local political subdivisions do not enjoy Eleventh Amendment immunity. *Feary v. Regional Transit Authority,* 685 F.Supp. 137, 140 (E.D. La. 1988); *United States v. St. Bernard Parish,* 756 F.2d 1116 (5th Cir. 1985), *cert. denied,* 474 U.S. 1070, 106 S.Ct. 830, 88 L.Ed.2d 801 (1986). As a result, such entities are considered citizens separate from the state itself for purposes of diversity jurisdiction. *In Re: Allied Signal, Inc.,* 919 F.2d 277, 280 (5th Cir. 1990); *Department of Health, Etc. v. Davis,* 616 F.2d 828 (5th Cir. 1980); *Morgan Dallas Corporation v. Orleans Parish School Board,* 302 F. Supp. 1208, 1209 (E.D.La. 1969). The School Board is, therefore, considered a citizen of the State of

Louisiana for diversity purposes. *See Shorty v. Top Rank of Louisiana, Inc.*, 876 F. Supp. 838, 839 (E.D.La. 1995). *Terrebonne Parish School Board v. Mobile Corporation*, 1989 W.L. 140217 (E.D. La. 1989).

9.

Defendant, Texaco, is a corporation organized under the laws of Delaware, with its principal place of business in the State of New York. Texaco is a citizen of Delaware and New York for purposes of federal diversity jurisdiction.

10.

Since the School Board is a citizen of Louisiana and Texaco is a citizen of Delaware and New York, complete diversity of citizenship exists in this matter.

11.

The School Board has not made a specific monetary demand in its petition. However, due to the nature of the relief sought, *i.e.,* restoration damages for the restoration of a coastal marsh and punitive damages, Texaco submits that the requisite amount in controversy for establishing federal diversity jurisdiction exists in this case.

## OTHER GROUNDS OF JURISDICTION

12.

On April 12, 1987, Texaco filed a petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court in and for the Southern District of New York (the "New York Bankruptcy Court") in

Jointly Administered Chapter 11 Case Nos. 87-B-20142, 87-B-20143 and 87-B-20144 (collectively, the "Bankruptcy Case").

13.

On March 23, 1988, the New York Bankruptcy Court issued an order (the "Confirmation Order") (Exhibit A), confirming Texaco's Second Amended Joint Plan of Reorganization (the "Plan")(Exhibit B). Pursuant to the Confirmation Order, in accordance with the Plan and the Bankruptcy Code, Texaco was forever discharged from any and all claims or liabilities arising before the date of the entry of the Confirmation Order. Furthermore, pursuant to the Confirmation Order, the commencement of any action or any act to collect, recover or offset any debt discharged therein is permanently enjoined and restrained. Exhibit A, Par. 25.

14.

The New York Bankruptcy Court expressly retained jurisdiction in the Confirmation Order and Plan to resolve any disputes out of or relating to any claim and to enforce and interpret the Plan.

15.

In this case, the School Board seeks to recover damages for acts and/or omissions which allegedly took place more that twenty-five (25) years prior to the confirmation of Texaco's 1988 plan of reorganization and bankruptcy discharge. Consequently, the claims asserted herein were discharged in Texaco's 1988 bankruptcy.

16.

Since the School Board is pursuing pre-confirmation claims in direct violation of the injunctions issued by the Bankruptcy Court, this action constitutes a collateral attack upon the Confirmation Order, the Plan and Bankruptcy Court's permanent injunction.

17.

Since the School Board is collaterally attacking the Bankruptcy Court's 1988 injunction and discharge order this court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1334, 11 U.S.C. §105, and 28 U.S.C. §1651. Issues raised in this action are core matters under 28 U.S.C. §157, and therefore upon removal, this case will constitute a core proceeding.

18.

In addition, pursuant to the All Writs Act, the federal courts have the authority to issue all commands necessary and appropriate to protect their jurisdiction, or in aid of their jurisdiction, or to effectuate and prevent the frustration of orders previously issued in the exercise of their jurisdiction. The All Writs Act provides an additional source of removal jurisdiction when a federal court's jurisdiction, judgments and orders could be frustrated by a subsequent action in state court. The School Board's pursuit of discharged claims constitutes a collateral attack upon the Confirmation Order and the Plan, and violates the Bankruptcy Court's standing orders and injunctions. They represent an attempt to circumvent the retained jurisdiction of the Bankruptcy court to enforce its prior orders and

injunctions. Accordingly, jurisdiction vests in the federal courts under the All Writs Act, 28 U.S.C. § 1651.

19.

The exercise of jurisdiction over this case by this Honorable Court is necessary and proper to:

(a) protect the continuing and retained jurisdiction of the Bankruptcy Court;

(b) prevent the possibility of inconsistent or conflicting rulings on the issue of discharge;

(c) preserve the integrity of the standing orders and injunctions of the Bankruptcy Court; and

(d) assure that this case is tried in a manner consistent with the Bankruptcy Court's rulings related to discharge.

Thus, removal jurisdiction also exists pursuant to the All Writs Act.

20.

While there is no requirement under the All Writs Act that a state court case removed pursuant to the Act be removed to the federal district court in which the state court sits, providing no prohibition against removal "across district lines" to the federal court whose outstanding judgment or orders are threatened; nevertheless, Texaco recognizes that normally a case is removed to the federal district court for the district in which the state court sits. Therefore, out of an abundance of caution, Texaco removes this case to this Court, rather than the United States District Court for the Southern District of New York.

## RESERVATION OF RIGHTS TO PURSUE CONTEMPT PROCEEDINGS BEFORE NEW YORK BANKRUPTCY COURT

21.

Texaco submits that under the holding of *Celotex v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493 (1995), the New York Bankruptcy Court which issued the Confirmation Plan and permanent injunction against the prosecution of discharged claims is the most appropriate Court to determine whether the claims asserted in this action fall within the scope of the Discharge Order and injunction. Indeed this Court has found that the New York Bankruptcy Court is the more appropriate Court to determine the scope and effect of Texaco's 1988 bankruptcy discharge on at least one occasion. See, Judge Porteous' ruling in the action entitled "Dr. Michael St. Romain, et al. v. Texaco Inc.", Civil Action No. 96-2614, Section T, United States District Court, Eastern District of Louisiana (a copy of which is attached hereto as Exhibit C).

22.

Texaco specifically reserves the right to seek appropriate relief from the New York Bankruptcy Court in order to enforce its bankruptcy discharge relative to the claims which are being asserted in this action.

## REMOVAL IS TIMELY

23.

Despite Plaintiff's having filed its state court action in October, 1999, Texaco was not served with process until January 13, 2000.

24.

This Notice of Removal is filed within thirty (30) days after initial receipt by service upon Texaco and is, therefore, timely pursuant to 28 U.S.C. § 1446(b) and the United States Supreme Court's holding in *Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed. 2d 448 (1999).

## OTHER MATTERS

25.

Texaco, has, with the filing of this Notice of Removal, submitted copies of all process, pleadings and orders delivered to it in the action pending in the state court. True and correct copies of such documents are attached hereto as collective Exhibit "D".

WHEREFORE, Defendant, Texaco Inc. respectfully removed this action to this Court for further proceedings according to law.

    Respectfully Submitted:

*Linda S. Akchin*
G. William Jarman (#7238)
Linda S. Akchin (#17904)
Charles S. McCowan, III (#19699)
KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN, L.L.P.
22ND Floor One American Place
(Post Office Box 3513)
Baton Rouge, Louisiana 70825 (70821)
Telephone: (225) 387-0999

and

Richard S. Pabst
Legal Department
Texaco Inc.
1111 Bagby Street
Room 3910
Houston, Texas 77002
Telephone: (713) 752-7875

Counsel for Texaco Inc.